# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN A. MMAHAT, JR. | * | |
| | * | CIVIL ACTION NO.: 12-1994 |
| VERSUS | * | |
| | * | SECTION: "N" |
| MIDLAND FUNDING, LLC, AND | * | |
| EATON GROUP ATTORNEYS, LLC | * | MAG. DIV.:  (3) |

## REPLY OF EATON GROUP ATTORNEYS, LLC

**MAY IT PLEASE THE COURT:**

This reply is submitted by defendant, Eaton Group Attorneys, LLC ("the Eaton Group"), to the memorandum [Rec. Doc. 20] of plaintiff, John A. Mmahat, Jr., in opposition to the Eaton Group's motion for summary judgment [Rec. Doc. 13].

1. **By acknowledging that he has no claim against the Eaton Group for any action taken by them before August 2, 2011, plaintiff is conceding that he has no claim against the Eaton Group for the "collection" of his debt under the FDCPA.**

Plaintiff acknowledges in his opposition memorandum that the sole basis of his claim against the Eaton Group under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), is that the Eaton Group maintained possession of the garnisheed funds for a period of time after August 2, 2011 (which is the date, pursuant to the voluntary motion of the Eaton Group, that the 24th Judicial District Court for the Parish of Jefferson vacated the default judgment rendered against plaintiff in the matter of *Midland Funding LLC v. John A. Mmahat, Jr.*).  [Rec. Doc. 20 at 1-2, 5.]  Furthermore, plaintiff admits all the material facts listed in Paragraphs 1 through 24 and 26 of the Eaton Group's Statement of Uncontested Material Facts [Rec. Doc. 13-3], by not controverting these facts in his response, thereby making this matter ripe for summary judgment.  [Rec. Doc. 22.]  *See* Local Rule 56.2.

Plaintiff states that the "facts that are mentioned in the complaint, but which took place more than one year prior to filing suit … are provided by plaintiff in his complaint solely to give context to the actions of the defendants." [Rec. Doc. 20 at 1.]  Because plaintiff's complaint was filed on August 2, 2012 [Rec. Doc. 1, Complaint], plaintiff means actions before August 2, 2011, when he refers to "facts that are mentioned in the complaint, **but which took place more than one year prior to filing suit.**"  [Rec. Doc. 20 at 1, emphasis added.]   Plaintiff concedes that, with regard to actions occurring before August 2, 2011, these were "never asserted [as] violations of the FDCPA."  [*Id.*]

Accordingly, by plaintiff's own admission, plaintiff has no FDCPA claims in this case that are based on any actions of the Eaton Group which occurred before August 2, 2011, including, but without limitation thereto, the following:  (a) serving plaintiff with a citation and petition to collect a credit card debt, pursuant to the Louisiana Long Arm Statute, La. R.S. 13:3201 *et seq*., at an address in California; (b) obtaining a default judgment against him on October 27, 2008 based on this Long Arm service; (c) commencing a garnishment proceeding in the Parish of East Baton Rouge, whereby plaintiff's wages were garnisheed beginning March 24, 2011; and, (d) receiving funds and/or wages that were paid by Cast & Crew Production Services, LLC, to the Baton Rouge Constable pursuant to the garnishment proceedings, beginning June 2, 2011, which funds and/or wages totaled $5,856.24.  Indeed, plaintiff's admission of all this is really nothing more than an acknowledgement of the effect of the legal authorities cited by the Eaton Group in its Memorandum in Support of Motion for Summary Judgment.  [Rec. Doc. 19 at 11-14.]

Moreover, by admitting all but one of the facts in the Eaton Group's Statement of Uncontested Material Facts [Rec. Doc. 13-3], including, admitting the evidence establishing plaintiff was present in the parish at the time of the garnishment [*Id.* at Para. 15], plaintiff is

effectively confirming that he acquiesced in the default judgment rendered against him and the garnishment proceedings pursuant to Louisiana Code of Civil Procedure article 2003.  [*See* Rec. Doc. 19 at 8.]

The bottom line is that, by admitting he has no claim for the actions of the Eaton Group before August 2, 2011, plaintiff concedes he has no claim under the FDCPA with regard to the state court procedures followed by the Eaton Group to sue plaintiff for his unpaid credit card debt, to obtain a default judgment against him, and then to garnishee his wages.  Simply put, plaintiff admits he has no claim against the Eaton Group for the "collection" of his debt.

**2.  After admitting he has no claim under the FDCPA for the Eaton Group's actions in collecting $5,856.24 of his credit card debt, plaintiff mistakenly alleges that he has a claim under the FDCPA for the Eaton Group's voluntary actions associated with "returning" the money after it had been legally collected.**

The Eaton Group complied with all applicable Louisiana and federal laws in **collecting** $5,856.24 of plaintiff's credit card debt.  This includes properly doing the following:  invoking the jurisdiction of the 24th Judicial District Court over the person of plaintiff; serving plaintiff through the Louisiana Long Arm Statute; moving the state district court to enter a default judgment against plaintiff; and, proceeding to execute the judgment through a garnishment proceeding, whereby $5,856.24 of plaintiff's wages were seized.  After this, the Eaton Group did not engage in any further "collection" activities with regard to plaintiff's credit card debt.

The Eaton Group **voluntarily** decided to release the garnishment of plaintiff's wages on July 26, 2011, to cancel the recordation of the judgment in the mortgage records on July 28, 2011, and to file a motion on July 29, 2011, to set aside the judgment rendered against plaintiff in the *Midland Funding* case.  (*See* Affidavit of Paul Edward Pendley, Esq., ¶ 20.)  The Eaton Group additionally proceeded **voluntarily** to return the money it had collected, but primarily due to a disagreement with plaintiff's counsel over the total amount of wages garnisheed and the

{00136343-6 }

refusal of Cast & Crew Production Services, LLC, to cash an earlier check sent to it to refund the garnisheed wages, the collected money was not returned to the Constable of East Baton Rouge Parish until December 18, 2012.  (*Id.* ¶ 22 and 23.)

All of these actions of the Eaton Group were completely voluntary; that is to say, the Eaton Group was not under any court order, contractual agreement or statutory duty to act as they did or to perform any of this by any particular date.  Rather, this is something the Eaton Group chose to do of its own accord.  Moreover, all of these actions were the opposite of attempting to collect a debt.  *See, e.g., Kujawa v. Palisades Collection, L.L.C.*, 614 F.Supp.2d 788, 792 (E.D.Mich. S.D. 2008)(noting that a "**release [of garnishment] was clearly not an attempt to collect a debt, but rather indicated the opposite**")(emphasis added).

The Eaton Group's voluntary actions associated with **returning** the legally garnisheed funds, which are clearly the opposite of attempting to collect a debt, do not provide a basis for a cause of action under the FDCPA; furthermore, plaintiff has failed to cite any statutory or jurisprudential authority to support such a claim.  Rather, plaintiff's complaints about the Eaton Group with regard to the manner and time the Eaton Group was taking to return the legally seized funds, are matters that could have been presented to the proper Louisiana court.

Louisiana Code of Civil Procedure articles 2411 through 2417 and Louisiana Revised Statutes 13:3921 through 3928 govern the garnishment of wages.  A garnishment proceeding is nothing more than a streamlined legal process for obtaining the seizure of property of a judgment debtor in the hands of a third party.  *First National Bank of Commerce v. Boutall*, 422 So.2d 1159, 1161 (La. 1982).  Louisiana Revised Statute 13:3923 expressly provides that the court retains jurisdiction in a wage garnishment proceeding to reopen the case at any time at its discretion to amend, or set aside, its judgment upon the motion of any party concerned.

{00136343-6 }

Here, plaintiff Mmahat never attempted to have the Louisiana court amend its judgment to order the Eaton Group to return a specific sum of money or to return such a sum within a specified period of time, even though plaintiff had the legal right and means to do so.  Plaintiff simply failed to pursue state law remedies in a Louisiana state court to address any problem he may have had with regard to the voluntary actions of the Eaton Group in returning the legally garnisheed fund.  Instead, plaintiff disagreed with the Eaton Group about what it was doing, while plaintiff waited for the Eaton Group to act voluntarily in a manner that the Eaton Group thought was appropriate under the circumstances.  The Eaton Group did this ultimately (but without obtaining plaintiff's agreement as to actual sum that was garnisheed) and voluntarily returned the sum it had received through the properly filed garnishment proceeding to the Baton Rouge Constable on December 18, 2012 (after an initial attempt to return the money to Cast & Crew Production Services, LLC, was unsuccessful).  Incidentally, by not controverting the Eaton Group's stated amount of the actual sum that was garnisheed [Rec. Doc. 13-3, Para. 14], plaintiff has finally agreed with the Eaton Group about the correct sum.

Plaintiff's sole remaining allegation against the Eaton Group under the FDCPA (that is, that the Eaton Group maintained possession of the legally garnisheed funds for too long a period of time after it voluntarily released the garnishment, cancelled the mortgage, and moved the district court to set aside the default judgment) does not involve a collection activity which would provide a basis for a valid claim under the FDCPA.  The Eaton Group's actions associated with returning voluntarily the money that was legally garnisheed did not violate any of the prohibitions of the FDCPA with regard to collection practices.  As explained by the court in *Dillion v. Riffel-Kuhlmann*, 574 F.Supp.2d 1221 (D. Kan. 2008):

> Congress enacted the FDCPA to eliminate abusive debt collection practices, insure competitive equity in debt collection and promote consistency in the state regulation of debt collection practices.  *See* 15 U.S.C. § 1692(e).  Generally, in

connection with the collection of a debt, the FDCPA prohibits debt collectors from (1) engaging in harassing, oppressive or abusive conduct; (2) using false, deceptive or misleading representations or means; and (3) using unfair or unconscionable means.  *See Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002)(citing 15 U.S.C. §§ 1692d, 1692e, 1692f)(substantive heart of FDCPA lies in these prohibitions).

*Id*. at 1223.

For the reasons stated both in its original memorandum in support of its motion for summary judgment and in this reply, the Eaton Group respectfully submits that its motion for summary judgment should be granted and that, accordingly, plaintiff's complaint must be dismissed with prejudice.

Respectfully submitted,

**JAMES RYAN III & ASSOCIATES, LLC**

/s/ Timothy T. Roniger

_____
**JAMES RYAN III (#11558)**
**TIMOTHY T. RONIGER, T.A. (#11443)**
**JEFFREY CLAYMAN (#30442)**
**CRAIG R. WEBB (#29474)**
201 St. Charles Avenue, Suite 2420
New Orleans, LA 70170
Telephone:(504) 599-5990
Facsimile:(504) 599-5991
Attorneys for Eaton Group Attorneys, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of April 2013, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing.

/s/ Timothy T. Roniger
Timothy T. Roniger

{00136343-6 }